[relates to Docket Item 25]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERIC K. BERMAN Executor of the Estate of Denise Berman, deceased,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES I. BERMAN and MATTHEW WILT,<br><br>  Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 07-2506 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

This matter is before the Court upon Plaintiff's motion to dismiss for lack of subject matter jurisdiction [Docket Item 25].[1]  THIS COURT FINDS AS FOLLOWS:

1.  Plaintiff Frederic K. Berman filed this action in the Superior Court of New Jersey, Chancery Division, against his brother, Charles I. Berman, and Charles' life partner, Matthew Wilt, alleging that certain assets in the possession of

---

[1] Although styled by Plaintiff as a motion to dismiss, the instant motion appears to seek the remand of this matter to the New Jersey Superior Court pursuant to 28 U.S.C. § 1447(c), which provides, inter alia, that "[i]f <u>at any time before final judgment</u> it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  § 1447(c) (emphasis added).  While a motion to remand based upon considerations other than subject matter jurisdiction are subject to a thirty-day filing requirement, questions over the Court's subject matter jurisdiction may be raised at any time before final judgment.  <u>Id.</u>

Defendants belong to the estate of the Bermans' late sister, Denise Berman, which Ms. Berman left to Plaintiff. Ms. Berman's will also designates Plaintiff as the executor of her estate.[2]

    2. Specifically, according to Plaintiff's allegations:

> In part, because the decedent Denise Berman had difficulty handling her own affairs, due to epilepsy, her younger brother defendant Charles I. Berman, being the youngest sibling who was thought could take care of the decedent the longest period of time, [] managed her assets after their father's death which included her home located at 108 Locust Lane, Voorhees, New Jersey . . . and substantial other financial assets recently represented by defendant Charles I. Berman as having a value of over $130,000. For the most part, these assets represent decedent Denise Berman's inheritance from her late father and were held in an informal trust by the defendant Charles I. Berman for the benefit of decedent Denise Berman.

(Compl. ¶ 3.)

    3. In short, Plaintiff alleges that by refusing to convey these assets to Plaintiff, the executor of Ms. Berman's estate, Defendant Berman breached the fiduciary duties he owed as holder of this informal trust. (Id. at ¶ 4.) Plaintiff seeks an accounting from Defendants of the assets of the decedent in Defendants' possession, an order requiring Defendants to deposit such assets in Plaintiff's attorney's trust account, and an order enjoining Defendants from selling such assets without the executor's consent. (Id. at ¶ 5.)

---

[2] Ms. Berman's will was admitted to probate by the Surrogate Court of Camden County on March 8, 2007, and letters testamentary were issued to Plaintiff, as executor, to administer the estate. (Compl. Ex. A at 1.)

2

4. Defendants timely removed the matter to this Court pursuant to 28 U.S.C. § 1332(a)(1) [Docket Item 1],[3] and in their Answer, asserted as an affirmative defense that Ms. Berman's will "was the product of undue influence by Plaintiff, and the Estate of Denise Berman should be distributed equally among her surviving siblings in accordance with intestacy laws," (Ans. ¶ 8), and that Ms. Berman lacked testamentary capacity to lawfully execute the will.  (Id. at ¶ 10.)  Defendants also assert a counterclaim in the form of a set-off, arguing that if the assets sought by Plaintiff are awarded to Ms. Berman's estate, Defendants are entitled to over $54,346.78 in payments for maintenance and repairs that they have made since 2003. (Countercl. ¶¶ 4-12.)

5. Plaintiff has moved to remand this case,[4] arguing that the Court lacks subject matter jurisdiction to adjudicate probate matters.  Defendants oppose Plaintiff's motion, arguing that Plaintiff's claim does not fit within the narrow probate exception to this Court's exercise of subject matter jurisdiction.  Defendants further argue that while the affirmative defenses they have raised appear to fall within the

---

[3]   There is perfect diversity between Plaintiff, a New Jersey resident, and Defendants, who live in Pennsylvania. (Docket Item 1 at ¶ 7.)

[4]   See Note 1, supra.

scope of the probate exception, the Court should exercise supplemental jurisdiction over such defenses.

6.  The Court will grant Plaintiff's motion and remand this matter to Superior Court. The Supreme Court has long "recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction." Marshall v. Marshall, 547 U.S. 293, 308 (2006). While the precise contours of the probate exception were not always apparent, the Supreme Court in Marshall made clear that the exception is a very narrow one, applicable only under three specific circumstances. Id. As the Court of Appeals has succinctly explained, "[i]t is clear after Marshall that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." Three Keys Ltd. v. SR Utility Holding Co, 540 F.3d 220, 227 (3d Cir. 2008); see also Lefkowitz v. Bank of New York, 528 F.3d 102, 107-08 (2d Cir. 2007).

7.  The parties focus largely on the third prong, directing their attention to the question of whether the adjudication of Plaintiff's claim would require this Court to assume in rem jurisdiction over property in the custody of the probate Court. While the Court harbors doubts over the applicability of the in rem jurisdiction aspect of the probate exception to the facts

4

presented here,[5] it is readily apparent that the first prong of the probate exception, proscribing federal courts from "endeavoring to . . . probate or annul a will," Three Keys, 540 F.3d 227 (emphasis added), is applicable to this case.  In particular, Defendants assert that the will which underlies Plaintiff's claim is unenforceable because it "was the product of undue influence by Plaintiff" and because the decedent lacked testamentary capacity to execute the will.  (Ans. ¶¶ 8, 10.) Because Defendants seek a declaration that the will underlying Plaintiff's claim is void and unenforceable, the adjudication of this case would call upon the Court to determine whether or not

---

[5] Plaintiff, as executor of his late sister's estate, is seeking to recover from Defendants assets which Plaintiff alleges are properly part of the decedent's estate.  While Plaintiff, as executor, is an officer of the Surrogate Court, see Three Keys, 540 F.3d at 228, the assets in question cannot be said to be in Plaintiff's, or that Surrogate Court's, "custody."  Unlike Three Keys, the property which Plaintiff seeks to recover was not in Ms. Berman's "possession at the time of [her] death," id.; as Defendants note, it is undisputed by the parties that Ms. Berman never held title to the assets in question. As the Court of Appeals for the Seventh Circuit observed under analogous circumstances:

> The suit, though based ultimately on the will, is not within the probate exception to federal jurisdiction. The judgment sought would just add assets to the decedent's estate; it would not reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate.

Gustafson v. zumBrunnen, 546 F.3d 398, 400 (7th Cir. 2008) (emphasis added).

to "annul a will," Three Keys, 540 F.3d 227, a determination which this Court lacks jurisdiction to entertain.

  8. Defendants' argument to the contrary is not convincing. In urging the Court to retain jurisdiction over this matter, Defendants suggest that the Court may "exercise supplemental jurisdiction over Defendants' affirmative defenses . . . " (Defs.' Opp'n Br. at 12) (some capitalization omitted).  This argument is meritless.  This Court's capacity to exercise supplemental jurisdiction over claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(a), does not permit it to annul a will in violation of the probate exception to federal jurisdiction.  The central premise of the probate exception is that it proscribes an "otherwise proper [exercise of] federal jurisdiction." Marshall, 547 U.S. at 308.  Just as a litigant "may not make an end run around the Eleventh Amendment using supplemental jurisdiction," Illinois Clean Energy Community Foundation v. Filan, No. 03-7596, 2004 WL 1093711, at *3 (N.D. Ill. Apr. 30, 2004) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 121 (1984)), supplemental jurisdiction does not permit the Court to adjudicate matters the probate exception directly excludes from the Court's jurisdiction, whether such jurisdiction is premised upon section 1332, see

Three Keys, 540 F.3d at 222, section 1334, see Marshall, 547 U.S. at 308, or section 1367.

9.  This result is especially appropriate in the context of removal jurisdiction.  Defendants, as the parties removing this case from state court, bear the burden of establishing federal court jurisdiction.  See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Where Defendants are also the parties whose affirmative defense, premised upon the annulment of the will, defeats jurisdiction of this Court, they can hardly be heard to complain that the case cannot proceed here.  Nor would it make sense to dismiss only the Defendants' affirmative defenses premised upon annulment, since the existence of a probated will is also essential to Plaintiff's claims herein; annulment would necessarily have to be decided in Plaintiff's case whether or not the affirmative defenses were dismissed.

10.  Because the adjudication of this dispute would call upon the Court to consider whether or not to "annul a will," Three Keys, 540 F.3d 227, and because the probate exception to federal jurisdiction precludes federal courts from exercising jurisdiction over this precise question, the Court will grant Plaintiff's motion and remand this matter to the Superior Court

of New Jersey, Chancery Division, Camden County, for further proceedings.  The accompanying Order is entered.


**June 9, 2009**                                   **s/ Jerome B. Simandle**
Date                                               JEROME B. SIMANDLE
                                                   United States District Judge